1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-18-02215-001-TUC-JAS (JR) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Ramon Antonio Monreal-Rodriguez, | |
| Defendant. | |

Pending before the Court is Defendant's Appeal from Magistrate Judge's Detention Order (Docs. 23, 35). The Court held a *de novo* hearing on November 15, 2018, and took the matter under advisement. (Doc. 38.) In addition to the hearing, the Court reviewed the parties' briefs (Docs. 34, 35), the transcript of the detention hearing before Magistrate Judge Ferraro (Doc. 14), and the Court's order in the previous case releasing Defendant (Doc. 47 in CR-18-01905-TUC-JAS-JR).

The Court had previously found that the Government failed to prove by a preponderance of the evidence that Defendant was a serious flight risk or by clear and convincing evidence that Defendant was a danger to the community. (Doc. 47 in CR-18-01905-TUC-JAS-JR.) The Court then amended Magistrate Judge Bowman's order of release to include additional conditions of release. (*Id.*) Defendant posted bond and the Government advised the Court that a new complaint had been filed. (Doc. 53 in CR-18-01905-TUC-JAS-JR.) Defendant was detained pending initial appearance in this case. (*Id.*)

This Court reviews a Magistrate Judge's detention order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). We review the evidence before the magistrate with no deference and make independent findings. *Id.* at 1192-93. A defendant will be released prior to trial if the Government does not prove either that the defendant is a flight risk by a preponderance of the evidence or that the defendant is a danger to the community by clear and convincing evidence. *See* 18 U.S.C. § 3142(f) and (g), *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The Court considers the following factors: the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Upon consideration of the briefs, attachments, transcripts, and relevant authority, the Court finds that Magistrate Judge Ferraro was correct in finding that Defendant had rebutted the presumption that no condition or combination of conditions would reasonably assure Defendant's appearance. (Doc. 14 at 62:16-20.) The final burden rests on the Government to prove either that the defendant is a flight risk by a preponderance of the evidence or that the defendant is a danger to the community by clear and convincing evidence. The Court finds that the additional evidence and charges do not alter the Court's previous analysis. The Government has failed to prove by a preponderance of the evidence that Defendant is a serious voluntary risk of flight and that there is no combination of conditions that would reasonably assure Defendant's appearance at future court proceedings. The Government has not proven by clear and convincing evidence that Defendant is a danger to the community. The Court believes that the previous conditions of release are sufficient to reasonably assure Defendant's appearance and the safety of others and the community. Therefore, the Court orders that Defendant be released, subject to the conditions ordered in CR-18-01905-TUC-JAS-JR.

IT IS ORDERED that the Defendant's appeal of United States Magistrate Judge

Ferraro's order of detention (Doc. 35) is granted. Defendant shall be released, subject to standard conditions, a $25,000 cash bond, a no-contact order with the two individuals identified at the hearing on October 9, 2018, location monitoring, a curfew, restrictions to not leave Pima County, and Yartiza Monreal as a third-party custodian.

IT IS FURTHER ORDERED that this matter is referred back to Magistrate Judge Jacqueline M. Rateau for pretrial proceedings in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59.

Dated this 21st day of November, 2018.

Honorable James A. Soto
United States District Judge